BLACKMORE et al., Appellants,

v.

NASAL et al., Appellees.

[Cite as *Blackmore v. Nasal* (1991), 74 Ohio App.3d 382.]

Court of Appeals of Ohio,
Miami County.

No. 90–CA–45.

Decided May 31, 1991.

*John Fulker*, for appellants.

*Thomas Petkewitz*, Assistant Prosecuting Attorney, for appellee.

*John A. Wannemacher*, for *amicus curiae.*

---

BROGAN, Judge.

On May 21, 1990, the Troy City Council enacted an ordinance accepting an application for the annexation of 65.724 acres of land in Concord Township, Miami County. On June 20, 1990, the Troy City Auditor received a referendum petition consisting of fifty-five part-petitions. The petition requested that the ordinance be submitted to the Troy city voters of the next general election for their approval or rejection. The auditor certified the petition to the board of elections which then certified the same as to sufficiency and ordered it placed on the general election ballot in November 1990.

Robert E. and Jean Blackmore, who owned the real estate subject to the annexation, filed an action in the Miami County Common Pleas Court to enjoin the submission of the ordinance to the electorate because the plaintiffs alleged the petition was legally insufficient and invalid for the circulators' failure to comply with the mandatory requirements of R.C. 3501.38. The matter was advanced for hearing purposes, and the trial court denied the plaintiffs' complaint to enjoin the election. On October 25, 1990, the plaintiffs appealed that judgment to this court.

■ As a general rule, election cases are moot where the relief sought is to have a name or issue placed on the ballot and the election was held before the case could be decided. *State, ex rel. Gyurcik, v. Brown* (1964), 176 Ohio St. 288, 27 O.O.2d 200, 199 N.E.2d 596. Nevertheless, even when an election has been conducted, a case is not moot where the issue or controversy is "capable of repetition yet evading review." *Foster v. Cuyahoga Cty. Bd. of Elections* (1977), 53 Ohio App.2d 213, 7 O.O.3d 282, 373 N.E.2d 1274. This case presents an issue of statutory interpretation which will affect how the boards of elections will determine the sufficiency of referendum petitions under R.C. 3501.38.

■ R.C. 3501.38(C) provides that "[e]ach signer shall place on the petition after his name the date of signing and the location of his voting residence, including the street and number if in a municipal corporation * * *. The voting address given on the petition shall be the address appearing in the registration records at the board of elections."

The purpose of R.C. 3501.38(C) is to enable the board of elections to determine whether the signer of the petition timely signed the petition and is a

registered voter. *State, ex rel. Donofrio, v. Henderson* (1965), 4 Ohio App.2d 183, 33 O.O.2d 237, 211 N.E.2d 854. Appellants contend that more than one half of the signatures failed to place the name of the city of their residence on the part-petitions and the failure to supply this mandatory information renders the petitions invalid.

The first paragraph of the petition identified the signers of the petition as "qualified voters residing in the corporate limits of the City of Troy, Ohio." Judy Roetter, Director of the Board of Elections of Miami County, testified she has no difficulty verifying which signers were qualified voters of the city of Troy from the information provided on the part-petitions. We agree with the trial court that the petitions substantially complied with the requirements of R.C. 3501.38(C). See *Olen Corp. v. Franklin Cty. Bd. of Elections* (1988), 43 Ohio App.3d 189, 541 N.E.2d 80.

■ The appellants also contend that the part-petitions were invalid because the circulators failed to comply with the mandatory requirement of R.C. 3501.38(E), which provides that:

"(E) On each petition paper the circulator shall indicate the number of signatures contained thereon, and shall sign a statement made under penalty of election falsification that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be."

The evidence reveals that the circulators of the part-petitions signed affidavits that they had witnessed the signers' signatures, that the signers were qualified electors, and that each signature appeared to be genuine. The affidavits did not contain language that the affiants were making the statement under penalty of election falsification.

Appellees argue that the language "under penalty of election falsification" is merely a statement that a circulator is amenable to prosecution for election falsification for making a false statement. Appellees argue that the statement required by R.C. 3501.38(J), and which was contained in the part-petitions in this case, adequately warns the circulator of the seriousness of his or her duties:

"(J) All declarations of candidacy, nominating petitions, or other petitions under this section shall be accompanied by the following statement in bold-face capital letters: THE PENALTY FOR ELECTION FALSIFICATION IS IMPRISONMENT FOR NOT MORE THAN SIX MONTHS, OR A FINE OF NOT MORE THAN ONE THOUSAND DOLLARS, OR BOTH."

In *Northeast Franklin Co. v. Cooper* (1975), 45 Ohio App.2d 137, 74 O.O.2d 161, 341 N.E.2d 349, the Franklin County Court of Appeals held that where a referendum petition, circulated pursuant to R.C. 3501.38, contained language, prominently displayed, warning of criminal penalties, and the language substantially complies with the form set out in Section (J) of the statute, such petition shall not be declared invalid if no intentional misrepresentation is shown.

In that case, the circulator signed affidavits in part-petitions in similar fashion to the affidavits in this case and none of the part-petitions bore the words "statement of the circulator made under the penalty of election falsification." The part-petitions contained this warning, "whoever knowingly signs this petition more than once, signs a name other than his own, or signs when not a legal voter, is liable to prosecution."

Judge McCormac in his dissent agreed with the majority that the statement made by the circulator substantially complied with R.C. 3501.38(E), but he would have found the petitions invalid because they did not contain the express warning language mandated by R.C. 3501.38(J). He stated the generalized warning of prosecution language found in the petitions was not adequate.

Appellants argue that we must read R.C. 3519.05, which governs the form of petitions for statewide initiatives and referendums, in conjunction with or *in pari materia* with R.C. 3501.38(E). R.C. 3519.05 provides that immediately following the text of the proposed amendment must appear the following form: "_____ declares *under penalty of election falsification* that he is the circulator of the foregoing petition \* \* \*." (Emphasis added.)

We agree with the appellants that the probable intent of R.C. 3501.38(E) was that the circulator sign a form similar to that provided explicitly in R.C. 3519.05. Elections laws, however, ought not be traps for the unwary. A circulator could also reasonably glean from a reading of R.C. 3501.38(E) that a false statement would subject him or her to prosecution for election falsification, not that his statement include an acknowledgement of that fact.

There is no evidence that the circulators engaged in any intentional misrepresentations. We agree with the trial court that the affidavits executed by the circulators substantially complied with the mandatory requirements of R.C. 3501.38(E). The appellants' assignment is OVERRULED.

*Judgment affirmed.*

GRADY and WOLFF, JJ., concur.